IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>**1) ISMAEL VAZQUEZ-LARRAURI**, a/k/a Tara, a/k/a Junito, a/k/a El Gordo<br>2) VICTOR RODRIGUEZ-RIVERA, a/k/a Vitín<br>3) HIRAM TORRES-AVILES, a/k/a Bizcocho<br>4) ADALBERTO LEON-COLLAZO, a/k/a Berto<br>5) LUIS CARTAGENA-CARRASQUILLO, a/k/a Luis Moco<br>6) JULIO MORALES-VAZQUEZ, a/k/a Julio Quilla<br>7) JOSE RIOS-HERNANDEZ, a/k/a El Gordo de la Vega, a/k/a Tati Ríos<br>8) JOSE O. VAZQUEZ-FIGUEROA, a/k/a Chopa<br>9) NELSON CARDONA-SANTIAGO<br>10) FELIPE LOPEZ-DE LA CRUZ<br>11) BRENDA RODRIGUEZ-MARQUEZ, a/k/a La Punky<br>12) JOSE RICARDO BURGOS-RESTO, a/k/a Ricky Burgos<br>13) JAIRO VELAZQUEZ-RIVERA<br>14) FERNANDO GONZALEZ-COLON, a/k/a Naldin<br>15) HECTOR DIAZ-NOGUERAS, a/k/a Chico<br>16) EDWIN SANTOS-MARTINEZ, a/k/a Chino, a/k/a Chinito<br>17) LUIS ROSARIO-RIVERA, a/k/a Luis el Negro<br>18) ROBERTO ORTIZ-RODRIGUEZ, a/k/a Robert el Viejo<br>19) ELIEZER BURGOS-TORRES, a/k/a Eli<br>20) JOSE JIMENEZ-ROBLES, a/k/a Joy<br>21) ANGEL IGARAVIDEZ-GONZALEZ, a/k/a Bebo<br>22) LEONARDO RIVERA-VICENTE, a/k/a Naldi<br>23) HECTOR L. VAZQUEZ-NIEVES, a/k/a Hectitor | CRIMINAL 08-0281CCC |

CRIMINAL 08-0281CCC                          2

24) VICTOR SUAREZ-LAGO, a/k/a Pakay

25) ABRAHAM GARCIA-RIVERA, a/k/a Juni, a/k/a Juni Morrina

26) ALEXANDER ARROYO-GONZALEZ, a/k/a Alex Colchoneta

27) JOSE L. GONZALEZ-RIVERA, a/k/a Cano Diente

28) CARLOS O. RIVERA-RODRIGUEZ, a/k/a Carlos Omar

29) EFRAIN SANTIAGO-BURGOS, a/k/a Miyagui

30) NOELIA LOPEZ-ORTIZ

31) EUCLIDES DE JESUS-ROSA, a/k/a Clidu, a/k/a El Viejo de Coamo

32) MARLYN MARCANO-LOPEZ

33) ESTEBAN O. SERATE-SANTIAGO, a/k/a Omi el Negro

34) JASON JAUME-SUAREZ, a/k/a Jason

35) JAVIER CASTRO-SUAREZ, a/k/a Javi

36) OMAR RODRIGUEZ-ARROYO, a/k/a Omi Planicie

37) ALEX M. TRINIDAD, a/k/a Alex

38) CARLOS A. RIVERA-MALAVE, a/k/a La Ponca

39) JUAN C. SANTEL-MELENDEZ, a/k/a Melaza

40) RAYMOND RIVERA-RIVERA

41) CHRISTIAN ORTIZ-MELENDEZ

42) SERGIO RODRIGUEZ-MENDOZA

43) CARLOS SUAREZ-VEGA, a/k/a Bribón

44) MIGUEL VELEZ-BONILLA, a/k/a Cano, Cachete

45) JOSE R. ORTIZ-RIVERA, a/k/a Pito

46) JOSE LUIS LOPEZ-MENDEZ, a/k/a Ñoño, a/k/a Kiko

47) ENRIQUE RODRIGUEZ-MARQUEZ

48) CARLOS ROSARIO-ROSARIO, a/k/a Pinto

49) ALEX ORTIZ-CARABALLO, a/k/a Bocudo, a/k/a Mocudo, a/k/a Flaco

CRIMINAL 08-0281CCC                              3

50) GERARDO MARCANO-RIVERA,
a/k/a Bebe

51) ISMAEL OCASIO-LAGO, a/k/a Ismaelito,
a/k/a Esquimalito

52) WILLIAM VAZQUEZ-RIVERA, a/k/a Cabito

53) ANGELICA DELGADO-VALDEZ,
a/k/a Angie

54) NELSON MARTINEZ-ROMAN

55) HUMBERTO CARABALLO-RESTO,
a/k/a Papo XXX

56) RAMON FALCON-SANTOS, a/k/a Bebe

57) OBED JIMENEZ-ROBLES

58) ANGEL R. LAGO-CAMACHO, a/k/a Rafi

59) JOVANNY SIERRA-ORTIZ

60) ZANDY TORRES-MENDEZ

61) ALEXIS LOPEZ-PEREZ, a/k/a Pamela

62) JOSE BARRETO-LUGO

63) JOSE A. ORTIZ-RIOS, a/k/a Papo Lover

64) BENJAMIN CLAUDIO-COTTO, a/k/a Puchi

65) OSVALDO IRIZARRY-RIVERA,
a/k/a El Gringo

66) ERIC A. RODRIGUEZ-MARTINEZ,
a/k/a Testin

67) DIGNA VIOLETA-LARRAURI

68) VANESSA RIVERA-MELENDEZ,
a/k/a Vanessa Black Angus

69) NELIDA ORTIZ

70) RICARDO ORTIZ-RIVERA, a/k/a Deo

71) YARITZA MELENDEZ-FUENTES

Defendants

**ORDER**

During the June 14, 2012 morning session of the trial, A.U.S.A. George Massucco requested that the Court allow testimony of government witness Wilfredo López-Martínez, on direct, having to do with sales of eight firearms made by the witness at the request of

CRIMINAL 08-0281CCC                    4

co-conspirator Hiram Torres.  This was proffered as evidence in support of Count Six of the Indictment, the weapons conspiracy.  A proffer of such testimony was made outside the presence of the jury.

Count Six of the Indictment charges that from on or about the year 2003 and continuing until the return of the indictment in August 2008, defendant Ismael Vázquez-Larrauri (1) and nineteen other defendants named in that Count conspired to knowingly and intentionally possess firearms during and in relation to a drug trafficking offense, as charged in Counts One, Two, Three, Four and Five.  The proffered testimony of López-Martinez is made under Fed. R. Evid. 801(d)(2)(E) which provides that a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy is admissible.  Translated to the text of the Indictment, specifically Count Six which runs in tandem with Count One, for the co-conspirator statements proffered to be admissible they would have to be made during and in furtherance of the drug conspiracy charged in Count One of the Indictment.  The fact that statements made by a co-conspirator declarant to a third party are admissible under Rule 801(d)(2)(E), regardless of whether the third party is a tipster, an informant, an undercover officer or a mere acquaintance, does not eliminate the foundational requirements of the Rule.  United States v. Colón-Díaz, 521 F3d 29, 36, n. 3 (1st Cir. 2008).

The Court has given careful consideration to the proffer with respect to the statements of co-conspirator Hiram Torres to witness López-Martínez.  Hiram's statements to the witness on the sale of eight firearms, in support of Count Six, would not meet the Rule 801(d)(2)(E) requirement that his statements were made in furtherance of the conspiracy charged in Count One, to wit: a drug trafficking conspiracy. The proffered testimony reflects that the sale as to the eight firearms were private dealings between the witness and the declarant, and, therefore, Hiram's statements to López-Martínez with respect to the sale of the weapons did not further the conspiracy in which Hiram allegedly participated as a member of the drug organization of defendant Vázquez-Larrauri.  The proffered testimony

CRIMINAL 08-0281CCC                              5

divides the weapons into two sets. A first set of weapons stashed by one "Bebe" and "Cheo" at Salinas, at or near the cockfighting arena, and a second set of four other firearms stashed at "El Farallón" in Cayey. The first set was linked by the witness as having been later made available to some people who ran a drug point at Santa Isabel by defendant Vázquez-Larrauri. These are the ones described by the witness as a carabine, an AK 47 rifle, a shotgun and an R-15 rifle.

The following proffered testimony is relevant to the Court's determination that co-conspirator Hiram's statements on the sale of firearms by the witness were not made in furtherance of the conspiracy: Referring to the four weapons stashed in Salinas and later located and sold in Santa Isabel, the witness' testimony was that he sold them between November 2006 through October 2, 2007 for a total of $9,000.00, of which he kept around $3,500.00 and gave Hiram $5,000.00; that Hiram told him that after he got himself a case in 2006 defendant Vázquez-Larrauri and Hiram gave them for lost; and that "Bebé" and "Cheo" subsequently recovered them. Hiram further said to the witness that Vázquez-Larrauri did not know anything about the weapons having been recovered and that he (Hiram) and the witness could made some money out of it.

Regarding the sale of the second set of weapons stashed at "El Farallón" in Cayey, Hiram told the witness that these weapons belonged to defendant Vázquez-Larrauri but not to tell anyone so that nobody would know that those weapons had disappeared because of him, that Hiram had introduced him to a friend known as "Diego" for the witness to sell the weapons to such friend; that Hiram gave him the weapons in Cayey, that the firearms at "El Farallón" belonged to Vázquez-Larrauri, that since Hiram needed money he told the witness that he would take the weapons out from where they were stashed to sell to "Diego" and for the witness to keep part of the money and give Hiram the rest.

The several statements made by Hiram to the witness regarding weapons ownership by defendant Vázquez-Larrauri would qualify as information exchanged between co-conspirators during the course of a conspiracy if Hiram and the witness López-Martinez

CRIMINAL 08-0281CCC                             6

were co-conspirators at the time that they were made.  Such, however, is not the case. More significant yet to the Court's determination is the fact that the statements themselves of declarant co-conspirator Hiram Torres to the witness clearly point to transactions, of which defendant Vázquez-Larrauri was not made privy, meant to advance their own personal economic interests.  These private dealings did not further the illegal objectives of the drug conspiracy for the weapons were sold solely for the financial benefit of Hiram, not of the drug trafficking organization or its members.  The testimony points to a sale of weapons, behind Vázquez-Larrauri's back.  This is manifested both by Hiram's statement to the witness not to tell anyone about the sale of the weapons stashed at Cayey so they would not know that those weapons had disappeared because of him and by his other statement, regarding Salinas/Santa Isabel weapons, that it was precisely because Vázquez-Larrauri did not know anything about the recovery of those weapons that Hiram and the witness could make some profit from their sale.

   In sum, the statements of Hiram to the witness, as co-conspirator of the defendant, were made, not in furtherance of any conspiracy charged, but instead in furtherance of their own illegal agreement to sell weapons for their own personal gain.

   For the reasons stated, the testimony proffered by Wilfredo López-Martínez outside the presence of the jury today related to the sale of eight weapons is disallowed.  The government counsel is admonished that he is not to make any reference, direct or indirect, to the sale of any of those weapons by Mr. Lopez-Martínez at the request of Hiram Torres.

   SO ORDERED.

   At San Juan, Puerto Rico, on June 1, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge